UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| BENJAMIN GUY BEHEL, and <br> DAVID EUGENE WALLACE, <br><br> Plaintiffs <br><br> vs. <br><br> BERNEY P. WESCOTT, <br> Serve: 304 South 3rd Street <br>         Benton, AR 72015 <br><br> and <br><br> HERITAGE TRANSPORT, LLC, <br> Serve: CT Corporation System <br>         120 South Central Avenue <br>         Clayton, Missouri, 63105 <br><br> BOBBY LYNN JAMES, <br> Serve: 2915 Alta Mesa Drive <br>         Dallas TX 75241 <br><br> and <br><br> TRACY LONNY REYNOLDS, <br> Serve: 5820 Judy Drive <br>         Midlothian, TX 76065 <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. _____ <br><br><br> Jury Trial Demanded |

## **COMPLAINT**

COME NOW Plaintiffs Benjamin Guy Behel and David Eugene Wallace, by and through their attorneys of Little, Schellhammer, Richardson and Knowlan Law Offices, P.C. and for their cause of action state to the Court as follows:

**Jurisdiction**

1. This Court has jurisdiction under 28 U.S.C. §1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and because all plaintiffs and all defendants are citizens of different states, as more fully set forth below.

2. This Court has personal jurisdiction over Parties because they engaged in conduct in the State of Missouri, as more fully described below.

3. Pursuant to 28 U.S.C § 1391 (b)(2), venue is proper in this judicial district because all the events or omissions giving rise to this lawsuit occurred in Scott County in the State of Missouri, within the Eastern District of Missouri.

4. At all times relevant to this litigation, Plaintiff Benjamin Guy Behel (hereinafter "Behel") has been a citizen and resident of the State of Alabama, residing in Florence, Lauderdale County, Alabama.

5. At all times relevant to this litigation, Plaintiff David Eugene Wallace (hereinafter "Wallace") has been a citizen and resident of the State of Alabama, residing in Florence, Lauderdale County, Alabama.

6. At all times relevant to this litigation, Defendant Berney P. Wescott (hereinafter "Westcott") has been a citizen and resident of the State of Arkansas, residing in Benton, Saline County, Arkansas.

7. At all times relevant to this litigation, Defendant Heritage Transport, LLC (hereinafter "Heritage"), has been a limited liability corporation organized under the laws of the State of Indiana, and has its principal place of business in Indianapolis, Indiana.

8. At all times relevant to this litigation, Defendant Wescott has been an agent, servant, employee and/or ostensible or apparent agent of Defendant Heritage acting in the course

2

and scope of his employment or other business relationship with Defendant Heritage.

9. At all times relevant to this litigation, Defendant Bobby Lynn James (hereinafter "James") has been a citizen and resident of the State of Texas, residing in Dallas, Dallas County, Texas.

10. At all times relevant to this litigation, Defendant Tracy Lonny Reynolds (hereinafter "Reynolds"), has been a citizen and resident of the State of Texas, residing in Ellis County, Texas.

11. At all times relevant to this litigation, Defendant James has been an agent, servant, employee and/or ostensible or apparent agent of Defendant Reynolds acting in the course and scope of his employment or other business relationship with Defendant Reynolds.

**Allegations Common to all Counts**

12. This cause of action arises out of a motor vehicle collision which occurred on September 14, 2020 on Missouri Interstate 55 near mile marker 70.6 in Scott County, Missouri.

13. At the aforesaid time and place, Plaintiff Behel was operating a 2000 Volvo Truck with attached trailer, travelling in the right southbound lane on Missouri Interstate 55. Plaintiff Wallace was a passenger in Behel's vehicle.

14. At the aforesaid time and place, Defendant Wescott was operating a 2019 Freightliner truck with attached tanker-trailer, travelling southbound on Interstate 55 behind Behel's vehicle.

15. Suddenly and without warning, Wescott caused his truck to collide with the rear of Behel's trailer, causing Behel's trailer to detach from his truck and causing his truck to turn into the left lane of Interstate 55.

16.     At the aforesaid time and place, Defendant James was operating a 2007 Peterbuilt truck with attached box trailer, travelling southbound on Interstate 55 behind Wescott's vehicle. After the collision between Wescott's truck and Behel's trailer, James caused his truck to collide with Behel's truck.

### Count I -- Defendants Wescott and Heritage

17.     Plaintiffs restate and incorporate by reference herein the allegations set forth in paragraphs 1-16 above.

18.     Plaintiff Benjamin Guy Behel is entitled to judgment against Defendant Berney P. Wescott in that:

First,

1) Defendant Wescott's vehicle came into collision with the rear of Plaintiff's vehicle; and

2) Defendant Wescott drove his vehicle at an excessive speed; and

3) Defendant Wescott failed to keep a careful lookout; and

4) Defendant Westcott drove at a speed which made it impossible for him to stop within the range of his visibility; and

5) Defendant Wescott knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have
   stopped, or
   swerved, or
   slackened speed, or
   slackened speed and swerved
but Defendant failed to do so; and

Second, Defendant Wescott was thereby negligent; and

Third, as a direct result of the negligence of Defendant Westcott, Plaintiff Behel sustained damage as follows:

4

    1)     Physical injury to his head, pelvis, left leg, left knee, left ankle, right leg, neck, lower back, face, abdomen, arms, chest; and

    2)     Psychological injury

    3)     Pain and suffering resulting from the loss; and

    4)     Impairment of his general health, strength and vitality; and

    5)     Incurring of medical expenses, which expenses are continuing and will continue into the future; and

    6)     Loss of income and income earning ability; and

    7)     Impairment of the ability to enjoy life which impairment is continuing and permanent; and

    8)     Permanent loss of the complete and normal use of the body parts mentioned in subparagraph one above.

19. Plaintiff Benjamin Guy Behel is entitled to judgment against Heritage Transport, LLC in that:

First, at all times relevant hereto, Defendant Wescott was acting within the scope and course of his employment with Defendant Heritage; and

Second, the negligent acts and/or omissions of Defendant Wescott are imputed to Defendant Heritage as a matter of law, and Defendant Heritage is therefore vicariously liable for the negligent acts and/or omissions of Defendant Wescott.

**WHEREFORE**, Plaintiff Behel prays for judgment against Defendants Wescott and Heritage Transport, LLC, in an amount in excess of $75,000 that will fairly and reasonably compensate him for his injuries and damages, for his costs incurred herein, and for such other and further relief as the court deems just and proper.

<u>**Count II -- Defendants Wescott and Heritage**</u>

20. Plaintiffs restate and incorporate by reference herein the allegations set forth in

5

paragraphs 1-19 above.

21.     Plaintiff David Eugene Wallace is entitled to judgment against Defendant Berney P. Wescott in that:

First,

1) At all times relevant hereto, Plaintiff Wallace was a passenger in the vehicle operated by Plaintiff Behel; and

2) Defendant Wescott's vehicle came into collision with the rear of Plaintiff's vehicle; and

3) Defendant Wescott drove his vehicle at an excessive speed; and

4) Defendant Wescott failed to keep a careful lookout; and

5) Defendant Wescott drove at a speed which made it impossible for him to stop within the range of his visibility; and

6) Defendant Westcott knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have
   stopped, or
   swerved, or
   slackened speed, or
   slackened speed and swerved
but Defendant failed to do so; and

Second, Defendant Wescott was thereby negligent; and

Third, as a direct result of the negligence of Defendant Wescott, Plaintiff

Wallace sustained damage as follows:

1) Physical injury to his eyes, back, left leg, left knee, face, head, right elbow, right shoulder, neck, and ribs; and

2) Psychological injury

3) Pain and suffering resulting from the loss; and

4) Impairment of his general health, strength and vitality; and

  5) Incurring of medical expenses, which expenses are continuing and will continue into the future; and

  6) Loss of income and income earning ability; and

  7) Impairment of the ability to enjoy life which impairment is continuing and permanent; and

  8) Permanent loss of the complete and normal use of the body parts mentioned in subparagraph one above.

22. Plaintiff David Eugene Wallace is entitled to judgment against Defendant Heritage Transport, LLC in that:

 First, at all times relevant hereto, Defendant Wescott was acting within the scope and course of his employment with Defendant Heritage; and

 Second, the negligent acts and/or omissions of Defendant Wescott are imputed to Defendant Heritage as a matter of law, and Defendant Heritage is therefore vicariously liable for the negligent acts and/or omissions of Defendant Wescott.

**WHEREFORE**, Plaintiff Wallace prays for judgement against Defendants Wescott and Heritage Transport, LLC, in an amount in excess of $75,000 that will fairly and reasonably compensate him for his injuries and damages, for his costs incurred herein, and for such other and further relief as the court deems just and proper.

## Count III -- Defendants James and Reynolds

23. Plaintiffs restate and incorporate by reference herein the allegations set forth in paragraphs 1-22 above.

24. Plaintiff Benjamin Guy Behel is entitled to judgment against Defendant Bobby Lynn James in that:

 First,

7

1) Defendant James's vehicle came into collision with the rear of Plaintiff's vehicle; and

2) Defendant James drove his vehicle at an excessive speed; and

3) Defendant James failed to keep a careful lookout; and

4) Defendant James drove at a speed which made it impossible for him to stop within the range of his visibility; and

5) Defendant James knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have
   stopped, or
   swerved, or
   slackened speed, or
   slackened speed and swerved
but Defendant failed to do so; and

Second, Defendant James was thereby negligent, and

Third, as a direct result of the negligence of Defendant James, Plaintiff Behel sustained damage as follows:

1) Physical injury to his head, pelvis, left leg, left knee, left ankle, right leg, neck, lower back, face, abdomen, arms, chest; and

2) Psychological injury

3) Pain and suffering resulting from the loss; and

4) Impairment of his general health, strength and vitality; and

5) Incurring of medical expenses, which expenses are continuing and will continue into the future; and

6) Loss of income and income earning ability; and

7) impairment of the ability to enjoy life which impairment is continuing and permanent; and

8) Permanent loss of the complete and normal use of the body parts mentioned in subparagraph one above.

8

25. Plaintiff Benjamin Guy Behel is entitled to judgment against Tracy Lonny Reynolds in that:

First, at all times relevant hereto, Defendant James was acting within the scope and course of his employment with Defendant Reynolds; and

Second, the negligent acts and/or omissions of Defendant James are imputed to Defendant Reynolds as a matter of law, and Defendant Reynolds is therefore vicariously liable for the negligent acts and/or omissions of Defendant James.

**WHEREFORE**, Plaintiff Behel prays for judgment against Defendants James and Reynolds, in an amount in excess of $75,000 that will fairly and reasonably compensate him for his injuries and damages, for his costs incurred herein, and for such other and further relief as the court deems just and proper.

### Count IV -- Defendants James and Reynolds

26. Plaintiffs restate and incorporate by reference here in the allegations set forth in paragraphs 1-25 above.

27. Plaintiff David Eugene Wallace is entitled to judgment against Defendant Bobby Lynn James in that:

First,

1) At all times relevant hereto, Plaintiff Wallace was a passenger in the vehicle operated by Plaintiff Behel; and

2) Defendant James's vehicle came into collision with the rear of Plaintiff's vehicle; and

3) Defendant James drove his vehicle at an excessive speed; and

4) Defendant James failed to keep a careful lookout; and

5) Defendant James drove at a speed which made it impossible for

9

    him to stop within the range of his visibility; and

  6) Defendant James knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of collision in time thereafter to have
    stopped, or
    swerved, or
    slackened speed, or
    slackened speed and swerved
  but Defendant failed to do so; and

Second, Defendant James was thereby negligent, and

Third, as a direct result of the negligence of Defendant James, Plaintiff Wallace sustained damage as follows:

  1) Physical injury to his eyes, back, left leg, left knee, face, head, right elbow, right shoulder, neck, and ribs; and

  2) Psychological injury

  3) Pain and suffering resulting from the loss; and

  4) Impairment of his general health, strength and vitality; and

  5) Incurring of medical expenses, which expenses are continuing and will continue into the future; and

  6) Loss of income and income earning ability; and

  7) Impairment of the ability to enjoy life which impairment is continuing and permanent; and

  8) Permanent loss of the complete and normal use of the body parts mentioned in subparagraph one above.

28. Plaintiff David Eugene Wallace is entitled to judgment against Tracy Lonny Reynolds in that:

First, at all times relevant hereto, Defendant James was acting within the scope and course of his employment with Defendant Reynolds; and

Second, the negligent acts and/or omissions of Defendant James are imputed to Defendant Reynolds as a matter of law, and Defendant Reynolds is therefore vicariously liable for the negligent acts and/or omissions of Defendant James.

**WHEREFORE**, Plaintiff Wallace prays for judgement against Defendants James and Reynolds, in an amount in excess of $75,000 that will fairly and reasonably compensate him for his injuries and damages, for his costs incurred herein, and for such other and further relief as the court deems just and proper.

Respectfully submitted,

LITTLE, SCHELLHAMMER,
RICHARDSON & KNOWLAN
  *Law Offices, P.C.*

By: /s/ Alicia L. Boatner

| | |
|---|---|
| Matthew D. Richardson | #33338 |
| Alicia L. Boatner | #70885 |

123 South Second Street
P.O. Box 1226
Poplar Bluff, MO 63902
(573) 686-7281
(573) 686-7297 Facsimile
Matt@littlelawoffice.com
alicia@littlelawoffice.com

Attorneys for Plaintiffs