# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| **BENJAMIN GUY BEHEL, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 1:21-cv-35-SNLJ |
| ) | |
| **BERNEY P. WESCOTT, et al.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on (1) the joint motion of Bobby Lynn James ("James") and Tracy Lonny Reynolds ("Reynolds") for leave to file a second amended counterclaim and cross-claim, (2) James's motion for leave to file a second amended cross-claim, and (3) Reynolds's separate motion for leave to file a second amended cross-claim. There being no objections to the joint motion to file a second amended counterclaim and cross-claim, or to Reynolds's separate motion to amend his cross-claim, those motions will be granted. James's motion to amend his cross-claim is contested, and the matter has been fully briefed and is ready for disposition.

This case arises out of a truck collision in Missouri. Plaintiffs Benjamin Behel ("Behel") and David Wallace ("Wallace") allege that, at the time of the incident, Behel was driving a truck and trailer southbound on Highway 55, with Wallace as his passenger. Berney Wescott ("Wescott") was driving a truck and trailer behind Behel and collided with Behel's trailer, causing it to detach and the truck to turn into the left lane.

Bobby James ("James") was driving a truck and trailer behind Wescott, and James's truck collided with Behel's truck.  Plaintiffs sue Wescott and his employer Heritage Transport, LLC ("Heritage"], as well as James and his employer Tracy Reynolds ("Reynolds"), for negligence causing injuries and property damage.  The parties have filed counterclaims and cross-claims.

## I.  Motion to Amend

James seeks to amend his cross-claim against Wescott and Heritage to include a claim for negligence to recover his lost earnings.  Wescott and Heritage oppose amendment pointing out that, when James was deposed on December 16, 2021, he sought only contribution against them and did not seek to add his lost-earnings negligence claim until January 7, 2022.  They argue that allowing James to add his claim now will prejudice them because they will have been deprived of the opportunity to depose him on his alleged damages for lost wages.  They suggest James may have waited until after his deposition to bring his lost-wages negligence cross-claim as "some form of 'gamesmanship'" to deprive them of a fair opportunity to conduct discovery on the claim.  They ask the Court to grant them leave to take a limited deposition of James on his lost-wages claim if the Court grants the motion to amend.

James responds that he asserted a claim for lost wages as early as April 2021 in an amended counterclaim against plaintiffs, which put Wescott and Heritage on notice that he was raising a lost-wages claim.  James contends that, at his deposition, Wescott and Heritage had ample opportunity to question him about his lost income; and in fact, they asked him about his employment and compensation. He attaches a deposition excerpt

reflecting, among other things, that James was asked about who paid him, how much he was paid, and how long he was "off" after the accident.

James does not have an absolute right to amend his pleading. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948 (8th Cir. 2012). A motion for leave to amend may be appropriately denied if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). The Court finds that the foregoing reasons do not exist here.

First, the motion to amend was filed on January 7, only a few weeks after James was deposed and well before the deadline to amend pleadings. Second, the Court intends to grant Wescott and Heritage leave to retake James's deposition on the limited matter of his lost earnings to allow them to develop the record appropriately if they wish. Notably, the deadline for completion of all discovery is not until early June 2022. Therefore, the Court finds that they will not be unduly prejudiced by allowing the motion to amend. *See Roberson v. Hayti Police Dep't*, 241 F.3d 992, 995 (8th Cir. 2001) (noting "liberal amendment policy of Federal Rule of Civil Procedure 15(a)"; burden of proof of prejudice is on party opposing amendment) (quotations and quoted case omitted).

## II. Discovery requests

James opposes Wescott and Heritage's request for leave to retake his deposition if the Court grants him leave to amend, arguing they have already discovered all of the facts regarding his lost-wages claim through deposition and written discovery, and a second

deposition would be unduly burdensome and harassing.  For their part, Wescott and Heritage ask the court to assess deposition costs against James if the Court grants leave to retake his deposition.

"The management of discovery is committed to the sound discretion of the trial court."  *In re Missouri Dep't of Nat. Res.*, 105 F.3d 434, 435 (8th Cir. 1997).  The Court will grant leave to retake James's deposition to ensure that Wescott and Heritage do not suffer undue prejudice by allowing James to bring his cross-claim at this stage in the proceedings.  The Court will not assess the costs of the deposition against James, however, given the lack of evidence that he has acted in bad faith.

Accordingly,

**IT IS HEREBY ORDERED** that the joint motion of James and Reynolds for leave to file a second amended counterclaim and cross-claim [Doc. 50] is **GRANTED**;

**IT IS FURTHER ORDERED** that Reynolds's motion for leave to file a second amended cross-claim [Doc. 52] and James's motion for leave to file a second amended cross-claim [Doc. 53] are **GRANTED**;

**IT IS FURTHER ORDERED** that Wescott and Heritage are granted leave to take a limited deposition of James on the issue of his lost earnings.

Dated this 27th day of April, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE