## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| **BENJAMIN GUY BEHEL,** | ) | |
| **DAVID EUGENE WALLACE, and** | ) | |
| **JOYE D. WALLACE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:21-cv-0035-SNLJ** |
| | ) | |
| **BERNEY P. WESCOTT,** | ) | |
| **HERITAGE TRANSPORT, LLC,** | ) | |
| **BOBBY LYNN JAMES, and** | ) | |
| **TRACY LONNY REYNOLDS** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on a motion for summary judgment [Doc. 90] submitted by defendants Bobby Lynn James and Tracy Lonny Reynolds. Defendants James and Reynolds seek judgment as a matter of law with respect to plaintiffs' Third Amended Complaint [Doc. 63] and defendants Berney P. Wescott and Heritage Transport, LLC's crossclaim [Doc. 33].

Plaintiffs filed this lawsuit against defendants for damages allegedly sustained in a motor vehicle accident on Interstate 55 in Scott County, Missouri. Plaintiff Behel was traveling southbound in the right lane in a truck with an attached trailer. Defendant Wescott was driving a semi-tractor trailer in the same lane behind Behel. Defendant James was driving in the same lane behind Wescott. At some point, Wescott's vehicle struck the rear of Behel's trailer. James then veered into the left lane. Wescott's vehicle

then jackknifed, which caused Wescott's trailer to swing into the left lane. James's vehicle then collided with Wescott's trailer, which forced James's vehicle into the median. James's vehicle then collided with Behel's vehicle, which had traveled into the median after being struck by Wescott's vehicle.

In accordance with Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment "when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Hous. & Redevelopment Auth. of Redwood Falls v. Hous. Auth. Prop. Ins.*, 864 F.3d 986, 988 (8th Cir. 2017) (quoting *Nat'l Am. Ins. Co. v. W & G, Inc.*, 739 F.3d 943, 945 (8th Cir. 2006)). The burden is on the moving party. *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1043 (8th Cir. 2005). If, however, the moving party does discharge this burden, "it is then the [nonmoving party's] burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue." *Hodge v. Walgreen Co.*, 37 F.4th 461, 465 (8th Cir. 2022) (quoting *City of Mt. Pleasant v. Associated Elec. Co-op.*, 838 F.2d 268, 274 (8th Cir. 1988)).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Morgan v. UPS*, 380 F.3d 459, 463 (8th Cir. 2004). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Catipovic v. Peoples Cmty. Health Clinic, Inc.*, 401 F.3d 952, 956 (8th Cir. 2005). However, a party "must provide sufficient, probative evidence which would permit a fact finder to rule in his favor as opposed to engaging in mere speculation, conjecture, or fantasy in order to survive [a] summary judgment motion." *Madani v. Univ. of Neb. Bd. of Regents*, 2000 U.S. App. LEXIS 29746, at*4–5 (8th Cir.

2

Nov. 28, 2000) (internal quotation marks omitted) (citing *Kneibert v. Thomson Newspapers*, 129 F.3d 444, 455 (8th Cir. 1997)).

The sole theory of recovery against James and Reynolds under plaintiffs' complaint as well as defendants Wescott and Heritage's crossclaim is that James was negligent. As is more thoroughly laid out in the Court's memorandum and order dated December 21, the following two facts are not reasonably disputed by any of the parties in this case: first, defendant James maneuvered from the right lane into the left lane *before* Wescott's vehicle jackknifed, *see* [Doc. 87-2] at 49; second, it is possible that James would not have been involved in this accident had Wescott's vehicle not jackknifed, *id.* Neither plaintiffs nor defendants/crossclaimants Wescott and Heritage contradict either of these two facts.

These two undisputed facts dispose of the case with respect to James and James's employer, defendant Reynolds. Even viewing these facts in the light most favorable to plaintiffs and crossclaimants, the only plausible conclusion one can draw from them is that there is no evidentiary basis for the proposition that James was negligent. Plaintiffs in particular contend in their most recent briefing that James was negligent because he was following Wescott and/or Behel too closely. But as explained in the Court's memorandum and order issued December 21, this contention does not make sense. If plaintiffs contend James was following too closely while James was still in the right lane, that contention is unconvincing because James successfully evaded rear-ending Wescott. If plaintiffs alternately contend James was following too closely even after he had moved into the left lane, such contention is similarly unconvincing because it entails the absurd requirement that James maintain a sufficiently great distance from all vehicles regardless of what lane they are in.

3

Plaintiffs and defendants/crossclaimaints have failed to provide evidence that demonstrates that this crash was the result of James's negligence (due to following too closely or otherwise); their claims to the contrary amount to nothing more than "mere speculation, conjecture, or fantasy." *Madani*, 2000 U.S. App. LEXIS 29746 at *5. Consequently, this Court finds that the plaintiffs and crossclaimants have failed to "provide sufficient, probative evidence which would permit a fact finder to rule in [their] favor." *Id.*  Given that there is no genuine issue of material fact with respect to James's negligence (the sole theory of recovery in this case), James and Reynolds are both "entitled to judgment as a matter of law." *Hous. & Redevelopment Auth. of Redwood Falls* 864 F.3d at 988.

Accordingly,

**IT IS HEREBY ORDERED** that defendants James and Reynolds' motion for summary judgment [Doc. 90] is GRANTED.

Dated this 21st day of December, 2023.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE