## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## SOUTHEASTERN DIVISION

| | |
|---|---|
| BENJAMIN GUY BEHEL, ) <br> DAVID EUGENE WALLACE, and ) <br> JOYE D. WALLACE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> BERNEY P. WESCOTT, ) <br> HERITAGE TRANSPORT, LLC, ) <br> BOBBY LYNN JAMES, and ) <br> TRACY LONNY REYNOLDS ) <br> ) <br> Defendants. ) | Case No. 1:21-cv-0035-SNLJ |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion for partial summary judgment [Doc. 96] submitted by defendants Berney P. Wescott and Heritage Transport, LLC (Heritage). Defendants Wescott and Heritage are specifically requesting the Court to grant summary judgment with respect to plaintiffs' claims for future medical expenses, pain and suffering and discomfort, loss of use of various body parts, impairment of general health, strength and vitality, and psychological injuries, as well as "such other and further relief as the Court deems just and proper." [Doc. 96 at 3.] The motion has been fully briefed and is ripe for disposition.

**I.      Factual Background**

Plaintiffs filed this lawsuit against defendants for damages allegedly sustained in a motor vehicle accident on Interstate 55 in Scott County, Missouri. Plaintiff Behel was

traveling southbound in the right lane in a truck with an attached trailer.  Defendant Wescott was driving a semi-tractor trailer in the same lane behind Behel.  Defendant James was driving in the same lane behind Wescott.  At some point, Wescott's vehicle struck the rear of Behel's trailer.  James then veered into the left lane.  Wescott's vehicle then jackknifed, which caused Wescott's trailer to swing into the left lane.  James's vehicle then collided with Wescott's trailer, which forced James's vehicle into the median.  James's vehicle then collided with Behel's vehicle, which had traveled into the median after being struck by Wescott's vehicle.

Plaintiffs' third amended complaint contends that plaintiffs Behel and David Wallace each sustained several injuries as a result of this accident including, as alluded to above, pain and suffering, the "permanent loss of the complete and normal use" of a host of body parts, impairment of general health, strength, and vitality, and "[p]sychological injury." [Doc. 63 at 4–11.]  Plaintiffs' complaint states that at least some of these presently contested injuries have resulted in medical expenses that "are continuing and will continue into the future." *Id.* at 5, 6, 8, 10.

## II.     Summary Judgment Standard

In accordance with Federal Rule of Civil Procedure 56(c), a district court may grant a motion for summary judgment "when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Hous. & Redevelopment Auth. of Redwood Falls v. Hous. Auth. Prop. Ins.*, 864 F.3d 986, 988 (8th Cir. 2017) (quoting *Nat'l Am. Ins. Co. v. W & G, Inc.*, 739 F.3d 943, 945 (8th Cir. 2006)).  The burden is on the moving party. *Kratzer v. Rockwell Collins, Inc.*, 398 F.3d 1040, 1043 (8th Cir. 2005).  If, however, the moving party does discharge this burden, "it is then the [nonmoving party's] burden to set forth affirmative evidence, specific facts, showing that

2

there is a genuine dispute on that issue." *Hodge v. Walgreen Co.*, 37 F.4th 461, 465 (8th Cir. 2022) (quoting *City of Mt. Pleasant v. Associated Elec. Co-op.*, 838 F.2d 268, 274 (8th Cir. 1988)).

In ruling on a motion for summary judgment, the court must review the facts in a light most favorable to the party opposing the motion and give that party the benefit of any inferences that logically can be drawn from those facts. *Morgan v. UPS*, 380 F.3d, 459, 463 (8th Cir. 2004). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. *Catipovic v. Peoples Cmty. Health Clinic, Inc.*, 401 F.3d 952, 956 (8th Cir. 2005). However, a party "must provide sufficient, probative evidence which would permit a fact finder to rule in his favor as opposed to engaging in mere speculation, conjecture, or fantasy in order to survive [a] summary judgment motion." *Madani v. Univ. of Neb. Bd. of Regents*, 2000 U.S. App. LEXIS 29746, at*4–5 (8th Cir. Nov. 28, 2000) (internal quotation marks omitted) (citing *Kneibert v. Thomson Newspapers*, 129 F.3d 444, 455 (8th Cir. 1997)).

### III. Analysis

In order to prove their claim with respect to their injuries, plaintiffs must show that the accident in question caused such injuries. *Wieland v. Owner-Operator Services, Inc.*, 540 S.W.3d 845, 848 (Mo. banc 2018) ("In any action for negligence, a plaintiff must establish the defendant owed a duty of care to the plaintiff, the defendant breached that duty, and the defendant's breach proximately caused the plaintiff's injury"). In this case, plaintiffs have elected to proceed to trial without any medical expert witnesses to testify about their injuries. [Doc. 98-3 at 1]; [Doc. 97 at 3]; [Doc. 108 at 1.] Thus, the only injuries which plaintiffs may attempt to prove were caused by this accident are those which do not require a medical expert witness to establish were caused by the accident.

Accordingly, defendants are entitled to judgment as a matter of law with respect to all other injury claims—namely, those injuries which *do* require a medical expert witness to establish were caused by the accident. The Court will examine each of the presently contested injuries, as well as plaintiffs' claims for future damages, in turn.

### A. Pain and Suffering

Plaintiffs allege that the accident in question caused them "pain and suffering." [Doc. 63 at 4, 6, 8, 10.] Missouri recognizes the "sudden onset doctrine" for proving personal injuries:

> The sudden onset doctrine provides that expert testimony is not required to prove causation for certain medical injuries. A lay witness may establish causation through her own testimony when the obvious symptoms of the injury manifest immediately or shortly after a trauma and when the injury is of the type normally sustained from the trauma at issue.

*Wright v. Armijo*, 668 S.W.3d 261, 268 (Mo. Ct. App. 2023) (internal citations omitted). "However, when the injury is a 'sophisticated' one, i.e., requiring surgical intervention or other highly scientific technique for diagnosis, proof of causation is not within the realm of lay understanding and must be established through expert testimony." *Turner v. Iowa Fire Equipment Co.*, 229 F.3d 1202, 1210 (8th Cir. 2000) (citation omitted) (quoting *Soper v. Bopp*, 990 S.W.2d 147, 157 (Mo.Ct.App.1999)).

In this case, plaintiffs have clearly alleged injuries that are sudden onset. According to plaintiffs' reply briefing, both Behel and David Wallace suffered injuries simultaneous to the accident of such a severity that they each required medical evacuation by air transport; Behel's injuries in particular "were so severe that it was first believed that he was deceased." [Doc. 108 at 5, 7.] This is a prototypical case of plaintiffs alleging sudden onset injuries. Under Missouri law, medical expert testimony

4

is not required to establish that such injuries were caused by the accident. Defendants' request for summary judgment with respect to these allegations is therefore denied.

### B. Permanent Loss of Complete and Normal Use of Body Parts

Plaintiffs also contend that this accident has caused a "permanent loss of the complete and normal use" of multiple of their body parts. [Doc. 63 at 5–6, 8, 10.] The Court is not aware of the precise nature of these allegedly permanent injuries. It is conceivable that plaintiffs are alleging injuries so severe and obvious that lay witness testimony could be sufficient to establish their permanence. In any case, without further explication of the facts, this Court cannot at this time conclude that defendants have demonstrated that they are entitled to judgment as a matter of law with respect to these alleged injuries. Consequently, defendants' request for summary judgment with respect to these allegations is also denied.

### C. Impairment of General Health, Strength, and Vitality; Psychological Injury

Plaintiffs further contend that this accident caused an impairment of their "general health, strength and vitality" as well as "[p]sychological injury." [Doc. 63 at 4, 6, 8, 10.] Once again, it is not clear to the Court what the precise nature of these alleged injuries is, but the same principles explicated *supra* apply. Plaintiffs have clearly alleged injuries that fall within the sudden onset rule. And without knowing the specific nature of the injuries alleged here, this Court cannot conclude that they are of the sort that only a medical expert could establish were caused by this accident. Accordingly, this Court cannot grant summary judgment with respect to these injuries. Defendants' request in this regard is denied.

### D. Future Medical Expenses

Defendants are requesting that this Court dismiss plaintiffs' claims for future medical expenses. [Doc. 96 at 3.] Defendants contend that because plaintiffs have decided to proceed to trial without any medical experts, "Plaintiffs are now prohibited from presenting any expert medical testimony at trial to support their claimed damages." *Id.* at 6. The Court finds no issue with that conclusion, but that does not mean that plaintiffs are prohibited from presenting *non-expert* testimony at trial to support their claimed damages. The Court is not convinced that merely because plaintiffs may not present *expert* medical testimony as to their future medical expenses, that that necessitates defendants' sweeping conclusion that plaintiffs will be unable to establish the existence of *any future medical expenses whatsoever*. This Court cannot grant such a broad request for summary judgment at this time, and defendants' motion in this regard is denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for partial summary judgment [Doc. 96] is DENIED.

Dated this 15th day of April, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE