IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BENJAMIN GUY BEHEL, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) Case No.: 1:21-cv-00035-SNLJ |
| | ) |
| BERNEY P. WESCOTT and | ) |
| HERITAGE TRANSPORT, LLC, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION IN LIMINE

COMES NOW the Plaintiff, by and through the undersigned counsel, and hereby requests that the Court enter an order in limine excluding all evidence and prohibiting any and all exhibits, questions, references, testimony, and arguments in the presence of the jury or the jury panel at any stage of the trial proceedings concerning the subjects and issues herein. Further, Plaintiff respectfully requests that the Court instruct and order all attorneys to instruct all parties and witnesses whom they may call at trial, not to mention, argue, infer, or make any statements about or references to the following within the hearing of the jury or the jury panel at any time:

1. **Testimony, reports, evidence, arguments, opinions, and inferences by or in regard to Devon Kip Magruder or Schaefer Engineering, Inc.**

    Defendants seek to introduce expert evidence including the testimony and opinions of Devon Kip Magruder (an employee of Schaefer Engineering, Inc. ("Schaefer"))  and his "Vehicular Accident Reconstruction Report". Magruder was retained as an expert and presented his report for former Defendants Bobby James and Tracy Reynolds, who were granted Summary Judgment by this Court earlier in these proceedings.  James and

Reynolds' claims have since been resolved with Plaintiff, and they have been dismissed from the case.

The current defendants did not designate Magruder or Schaefer as experts pursuant to this Court's Case Management Order of July 9, 2021, as amended on June 22, 2022, and further did not cross-designate Magruder or Schaefer as experts on their behalf at any point in this litigation, *FMC Corp. v. Vendo Co.*, 196 Fed.Supp.2d 1023 (2002). Despite their failure to designate, defendants now seek to utilize Magruder and the Schaefer report to present expert evidence at trial on their behalf.

Aside from defendants' failure to designate in accordance with this Court's Order, it is important to note that introduction of such evidence or testimony by the current defendants is irrelevant, immaterial, overly prejudicial, and not probative of the incidents on the date of the accident made the basis of this case. See Fed. R. Evid. 403. Further, the proposed evidence does not tend "to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Because the evidence has no relevance to this action, it is inadmissible. See Fed. R. Evid. 402.

Fundamental evidentiary law dictates that use at trial of non-disclosed experts at trial is not allowed. Thus, any reference to, or attempt to use Magruder or the Schaefer report via testimony, deposition, or introduction of evidence is improper and should be excluded at the outset of the trial. *Rivera v. Doctors Center Hospital, Inc.* 2024 WL 725263.

2. **Testimony, reports, evidence, arguments, opinions, and inferences regarding the existence of a Commercial Driver License of Plaintiff.**

Defendants may seek to introduce evidence of the issue of whether Plaintiff was required to have a Commercial Driver License ("CDL") during the incident before the Court. There is no dispute that regardless of a CDL or not this accident would still have happened. In addition, Plaintiff claims a farm exception to being required to have a CDL. Introduction of such evidence or testimony is irrelevant, immaterial, overly prejudicial, and not probative of the incidents on the date of the accident made the basis of this case. See Fed. R. Evid. 403.

3. **Testimony, reports, evidence, arguments, opinions, and inferences regarding the Emergency Doctrine.**

Defendants may attempt to introduce evidence, testimony, etc. claiming their clients are subject to the Emergency Doctrine. The doctrine "is a principle in the law of negligence recognizing that, *where a motorist is confronted with a sudden emergency not created in whole or in part by his own negligence*, he should not be held to the same accuracy of judgment as would be required if he had time for calm deliberation and that, if he exercises such care as a very careful and prudent person would have exercised under the same circumstances, he should not be convicted for an error in judgment or miscalculation as to space, even though it might appear subsequently that a wiser and safer course could have been pursued." *Heerman v. Burke,* 266 F.2d 935, 939 (8th Cir. 1959); *Rohde v. St. Louis Public SVC. Co.,* 249 S.W.2d 417, 420 (Mo. 1952) (emphasis added). The evidence in this matter demonstrates the Defendants were not only distracted but severely negligent in the operation of their vehicle by a cell phone football game being played in their truck and viewing their side truck mirrors, the relevant dashcam video showing the Defendants could and should have seen Plaintiffs flashing hazard lights and another vehicle safely passing around Plaintiff's vehicle prior to impact. Introduction of such evidence or testimony is

irrelevant, immaterial, overly prejudicial, and not probative of the incidents on the date of the accident made the basis of this case. See Fed. R. Evid. 403.

4. **Testimony, reports, evidence, arguments, opinions, and inferences regarding any social media posts by Plaintiff**

Defendants may attempt to introduce evidence, testimony, etc. of social media posts by the Plaintiff.  Said evidence is not relevant to this case and the collision which occurred, and is more prejudicial than probative.  See Fed. R. Evid. 404.

Respectfully submitted,

| LITTLE, SCHELLHAMMER & RICHARDSON *Law Offices, P.C.* | AUGHTMAN LAW FIRM, LLC |
|---|---|
| By: /s/ Matthew D. Richardson | By: /s/ Joseph "Jay" H. Aughtman |
|    Matthew D. Richardson     #33338 (MO)<br>   Alicia L. Leonard              #70885 (MO)<br>   123 South Second Street<br>   P.O. Box 1226<br>   Poplar Bluff, MO 63902<br>   (573) 686-7281<br>   (573) 686-7297 Facsimile<br>   Matt@littlelawoffice.com<br>   Alicia@littlelawoffice.com |    Joseph "Jay" H. Aughtman<br>   *pro hac vice* admitted<br>   1772 Platt Place<br>   Montgomery, AL 36117<br>   W (334) 215-9873<br>   F (334) 213-5663<br>   jay@aughtmanlaw.com |
| *Attorneys for Plaintiff Benjamin Guy Behel* | *Attorneys for Plaintiff Benjamin Guy Behel* |

**CERTIFICATE OF SERVICE**

 I hereby certify that on this 3rd day of May 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system and by electronic mail upon the following counsel to their email addresses below:

Stephen L. Beimdiek
LASHLY & BAER, P.C.
714 Locust Street
St. Louis, MO 63101
314-621-2939/Tel.
314-621-6844 Fax
sbeim@lashlybaer.com
*Attorney for Defendants Berney P.*
*Wescott and Heritage Transport, LLC*

            */s/ Joseph "Jay" H. Aughtman*
            Of Counsel